# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

ATTORNEYS AT LAW

LIVIU VOGEL*
Partner

lvogel@salonmarrow.com
direct dial (646) 843-1909

*also admitted in Connecticut

292 MADISON AVENUE • NEW YORK, NY 10017

Telephone (212) 661-7100

Facsimile (212) 661-3339

One University Plaza, Suite 408
Hackensack, NJ 07601
Telephone (201) 662-0656
Facsimile (201) 487-9054

257 Lyons Plains Road
Weston, CT 06883
Telephone (203) 227-0023
Facsimile (646) 843-1910

800 Corporate Drive, Suite 208
Ft. Lauderdale, FL 33334
Telephone (954) 491-0099
Facsimile (954) 491-1544

May 14, 2014

Via e-mail: Forrestnysdchambers@nysd.uscourts.gov

Honorable Katherine B. Forrest
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 15 2014
```

Re: Deborah Peterson, et al. v. Islamic Republic of Iran, et al.;
Case No. 13 CIV 9195 (KBF)

Dear Judge Forrest:

I write on behalf of all the parties to request a change to the briefing schedule submitted by the parties and endorsed by the Court on May 5, 2014 (Doc. No. 43). Since our last conference with the Court, the judgment creditors served JP Morgan Chase Bank, N.A. ("JP Morgan") with a subpoena pursuant CPLR 5224(a) requesting information about the assets that were the subject of the writs of execution issued pursuant to this Court's now vacated April 9, 2014 section 1610(c) Order. Shortly thereafter, counsel for JP Morgan, Steven Feigenbaum, orally informed me that JP Morgan is not currently in possession of the assets and if the payments were ever at JP Morgan, they are no longer there. Pursuant to the subpoena, the judgment creditors seek documents relevant to JP Morgan's assertion, and to ascertain whether the assets were ever in JP Morgan's possession and if so what happened to them. JP Morgan has requested an extension of time, to which the judgment creditors consent, to respond to the subpoena until June 13, 2014.

If JP Morgan's response to the subpoena reveals that it does not currently possess the assets, we will likely discontinue the turnover action against JP Morgan and there will be no need to move for the re-issuance of the writs of execution under §1610(c). Clearstream and UBAE believe that the bases for their anticipated motions to dismiss may be impacted by possible additional amendment of the complaint based upon the outcome of discovery from JP

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Honorable Katherine B. Forrest
May 2, 2014
Page 2

Morgan. Therefore, in the interest of avoiding unnecessary motion practice the parties request that the Court modify the schedule previously approved as follows:

> June 13, 2014 - JP Morgan to serve its responses and objections to the subpoena and to comply with the subpoena, as to those parts to which it does not object, as to production and authentication of documents only (subpoena for deposition is to be revisited after document production).
>
> June 27, 2014 – Judgment creditors will either re-file their §1610(c) motion on notice or discontinue the complaint as to JP Morgan.
>
> July 11, 2014 - JP Morgan responds to the complaint if complaint not discontinued.
>
> July 22, 2014 – Responses to §1610(c) motion and Clearstream and UBAE answer, move against, or otherwise respond to the Amended Complaint.
>
> August 5, 2014 – Judgment creditors reply in support of §1610(c) motion.
>
> August 22, 2014 – Judgment creditors respond to any motions filed by Clearstream and/or UBAE.
>
> September 5, 2014 – Clearstream and UBAE reply in further support of their respective motions.

In the interim, the judgment creditors intend to commence judgment enforcement discovery regarding the assets at issue, including relevant discovery from Clearstream and UBAE. Pursuant to the settlement agreements reached with Clearstream and UBAE, such discovery is to be conducted primarily via the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters, a lengthy process. <u>Counsel for defendants Clearstream and UBAE object to the commencement of any such discovery.</u> However, CPLR 5232 provides that "[a]t any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment . . . ." Because Fed. R. Civ. P. 69 incorporates this CPLR enforcement procedure, the judgment creditors are empowered to engage in that discovery independent of the complaint in this action and irrespective of the outcome of Defendants' contemplated motions to dismiss that complaint. We therefore intend to initiate Hague Convention proceedings immediately so that enforcement procedures are not unduly delayed.

Respectfully yours,

*Ordered*
1. Motion schedule set forth above is fine.
2. There is no application on the discovery issue before the Court and thus the Court takes no action on it.
— B. Forrest
USDJ
5/14/14

#232377.1

# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Honorable Katherine B. Forrest
May 2, 2014
Page 3

*Liviu Vogel*

LV:rcj

cc: All counsel of record by email

#232377.1

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP