UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DEBORAH D. PETERSON, et al.,

                Plaintiffs,

  -against-

ISLAMIC REPUBLIC OF IRAN; BANK
MARKAZI a/k/a CENTRAL BANK OF
IRAN, BANCA UBAE SpA,
CLEARSTREAM BANKING, S.A., and
JPMORGAN CHASE BANK, N.A.,

                Defendants.
_____

Case No. 13-CV-9195 (KBF)

ANSWER OF JPMORGAN
CHASE BANK, NA. TO
<u>AMENDED COMPLAINT</u>

      Defendant JPMorgan Chase Bank, N.A. ("JPMCB"), by its undersigned attorneys, for its answer to plaintiffs' amended complaint dated April 25, 2014, alleges as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 and 2 of amended complaint.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and of amended complaint, except denies that JPMCB is holding the proceeds of bonds in an account of which Bank Markazi ("Markazi") is the sole beneficial owner.

      3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4 and 5 of the amended complaint.

      4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and of amended complaint, except denies that the bond proceeds referred to in the paragraph are maintained on deposit at JPMCB.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 7 through 13 of the amended complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and of amended complaint, except denies that the Remaining Assets, as defined in the amended complaint, are in the possession and control of JPMCB.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 15 of the amended complaint.

8. In response to paragraph 16 of the amended complaint, JPMCB denies that subject matter jurisdiction exists insofar as the Remaining Assets are contained in accounts located outside the United States. To the extent the allegations in paragraph 16 otherwise purport to state a legal conclusion, no response is required.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the amended complaint, except admits that the Court has personal jurisdiction over JPMCB.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 18 and 19 of the amended complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and of amended complaint, except denies that JPMCB acted as a correspondent bank to participate in commercial activity in the United States engaged in by Iran or Markazi.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 21 of the amended complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the amended complaint, except states that to the extent any of the payments referred to in that paragraph passed through Clearstream's account at JPMCB, JPMCB had no knowledge thereof.

14. Admits that venue in this Court is proper, as alleged in paragraph 23 of the amended complaint, but only so long as the Court has subject matter jurisdiction over the action.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 24 through 36 of the amended complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the amended complaint, except denies that JPMCB provided services of any kind to Iran or Markazi.

17. As to paragraph 38 of the amended complaint, admits that JPMCB is a banking association under the laws of the United States with offices at the locations stated in the paragraph; admits that it maintains an account in the name of Clearstream Banking, S.A. ("Clearstream"); and denies the remaining allegations in the paragraph.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 39 through 59 of the amended complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the amended complaint, except denies that the Remaining Assets have remained credited to Clearstream's correspondent account at JPMCB.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 61 and 62 of the amended complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the amended complaint, except denies that the Remaining Assets have remained credited to Clearstream's correspondent account at JPMCB.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 64 of the amended complaint, except denies that the "money" referred to in that paragraph remains at JPMCB.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the amended complaint, except denies that the Remaining Assets are held by JPMCB.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 66 through 79 of the amended complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the amended complaint, except admits that Clearstream maintains one or more bank accounts at JPMCB.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 81 through 84 of the amended complaint.

27. Admits the allegation in paragraph 85 of the amended complaint that JPMCB is a banking association organized under the laws of the United States, but denies that the Remaining Assets are in the custody or possession of JPMCB. Insofar as paragraph 85 otherwise purports to state a legal conclusion, no response is required.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 86 through 90 of the amended complaint.

29. Insofar as paragraph 91 of the amended complaint quotes Rule 69 of the Federal Rules of Civil Procedure, JPMCB refers to the rule for its full terms.

30. Insofar as the allegations in paragraph 92 of the amended complaint state a legal conclusion, no response is required.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 93 through 98 of the amended complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the amended complaint, except denies that JPMCB holds any property or interests in property of Markazi or, to the best of its knowledge, of any other instrumentalities of Iran pursuant to Executive Order 13599.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the amended complaint, except admits that a writ of execution was served on JPMCB on or about April 24, 2014, and denies that any of the Remaining Assets are held at JPMCB.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 101 through 141 of the amended complaint.

35. As to paragraph 142 of the amended complaint, JPMCB admits that certain payments were received in a Clearstream account maintained at JPMCB, some or all of which may have included those described in Exhibit D, but denies that it has since then held, or that it continues to hold, in Clearstream's account the amounts of any such payments for the benefit of Markazi.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 143 through 145 of the amended complaint.

37. Denies the allegations in paragraph 146 of the amended complaint, except denies knowledge or information as to whether any person other than Markazi holds a beneficial interest in the Remaining Assets, wherever those assets may be.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 147 through 181 of the amended complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 of the amended complaint, except states that none of the bonds referred to in that paragraph are in the custody of foreign branches of JPMCB.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 183 of the amended complaint, except denies the allegation, to the extent it is asserted, that JPMCB provided services for the benefit of Iran in violation of United States law.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 184 through 186 of the amended complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 187 of the amended complaint, except denies the allegation, to the extent it is asserted, that JPMCB provided services to or for the benefit of Iran.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 188 through 194 of the amended complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 195 and 196 of the amended complaint. To the extent the allegations in paragraphs 195 and 196 purport to state a legal conclusion, no response is required.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 197 through 222 of the amended complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 223 of the amended complaint, except denies that the Remaining Assets are in the possession or control of JPMCB.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 224 of the amended complaint.

## FJIRST COUNT
(Declaratory Judgment Against Markazi)

48. In response to paragraph 225 of the amended complaint, JPMCB repeats and realleges its responses to the allegations in paragraphs 1 through 224 of the amended complaint.

49. Because the allegations in the First Count (paragraphs 226 through 230 of the amended complaint) are directed solely against Markazi, no response from JPMCB to those allegations is required.

## SECOND COUNT
(Against Iran, Markazi, Clearstream and UBAE for Rescission of Fraudulent Conveyances in Violation of New York Debtor and Creditor Law Sections 276(a))

50. In response to paragraph 231 of the amended complaint, JPMCB repeats and realleges its responses to the allegations in paragraphs 1 through 230 of the amended complaint.

51. Because the allegations in the Second Count (paragraphs 232 through 249 of the amended complaint) are directed solely against Iran, Markazi, Clearstream and UBAE, no response from JPMCB to those allegations is required. As to paragraph 235 of the amended complaint, JPMCB denies the allegations, to the extent asserted, that it rendered any services to or for the benefit of Iran or acted as an agent of the Conspirators, as defined in the amended complaint.

THIRD COUNT
(Against Iran, Markazi, Clearstream and UBAE for Rescission of Fraudulent Conveyances in Violation of New York Debtor and Creditor Law Sections 273-a)

52. In response to paragraph 250 of the amended complaint, JPMCB repeats and realleges its responses to the allegations in paragraphs 1 through 249 of the amended complaint.

53. Because the allegations in the Third Count (paragraphs 251 through 258 of the amended complaint) are directed solely against Iran, Markazi, Clearstream and UBAE, no response from JPMCB to those allegations is required.

FOURTH COUNT
(Against All Defendants for Turnover Pursuant to CPLR § 5225)

54. In response to paragraph 259 of the amended complaint, JPMCB repeats and realleges its responses to the allegations in paragraphs 1 through 258 of the amended complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 260 of the amended complaint.

56. Insofar as paragraph 261 of the amended complaint quotes CPLR § 5225(b), JPMCB refers to that statute for its full terms.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262 and, insofar as it makes any allegations at all, paragraph 263 of the amended complaint. To the extent the allegations in those paragraphs purport to state conclusions of law, no response is required.

FIFTH COUNT
(Against All Defendants for Turnover Pursuant to CPLR § 5227)

58. In response to paragraph 264 of the amended complaint, JPMCB repeats and realleges its responses to the allegations in paragraphs 1 through 263 of the amended complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265 of the amended complaint, except denies the allegation that JPMCB is a sub-custodian of the Remaining Assets, or that JPMCB is obligated to Clearstream as to the Remaining Assets.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 266 of the amended complaint, except denies the allegation that the cash proceeds of the bonds remain deposited at JPMCB in New York in Clearstream's correspondent account.

61. Denies all allegations in paragraph 267 of the amended complaint directed against JPMCB, and otherwise denies that CPLR § 5227 entitles plaintiffs to a judgment against JPMCB requiring JPMCB to make the payments alleged in that paragraph.

SIXTH COUNT
(Against All Defendants for Turnover Pursuant to TRIA)

62. In response to paragraph 268 of the amended complaint, JPMCB repeats and realleges its responses to the allegations in paragraphs 1 through 267 of the amended complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 269 through 271 of the amended complaint.

64. Denies the allegation in paragraph 272 of the amended complaint that the Remaining Assets are in the possession or control of JPMCB, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 273 of the amended complaint.

66. Denies the allegation in paragraph 274 of the amended complaint that plaintiffs are entitled to an order under TRIA directing JPMCB to turn over the Remaining Assets to plaintiffs; and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph.

## SEVENTH COUNT
(Against Clearstream and Markazi for Rescission of Fraudulent Conveyance)

67. In response to paragraph 275 of the amended complaint, JPMCB repeats and realleges its responses to the allegations in paragraphs 1 through 274 of the amended complaint.

68. Because the allegations in the Seventh Count (paragraphs 276 through 282 of the amended complaint) are directed solely against Markazi and Clearstream, no response from JPMCB to those allegations is required.

## EIGHTH COUNT
(Against All Defendants for Equitable Relief Pursuant to
Fed. R. Civ. P. 69(a) and Federal and State Common Law)

69. In response to paragraph 283 of the amended complaint, JPMCB repeats and realleges its responses to the allegations in paragraphs 1 through 282 of the amended complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 284 of the amended complaint insofar as they relate to Clearstream; denies knowledge or information as to whether plaintiffs' judgment against Iran remains unsatisfied; and states that the writ of execution served on JPMCB has since been vacated, and that no writ exists as of the time of this answer.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 285 of the amended complaint. To the extent the allegations in paragraph 285 purport to state a legal conclusion, no response is required.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 286 of the amended complaint, except denies that any exercise of the Court's equitable powers should be directed against JPMCB, because JPMCB does not hold any of the Remaining Assets.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 287 of the amended complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 288 of the amended complaint, except denies that any exercise of the Court's equitable powers should be directed against JPMCB.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 289 of the amended complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 290 of the amended complaint. Insofar as paragraph 290 quotes U.C.C. § 8-112(e), JPMCB refers to that statutory provision for its full terms. To the extent the allegations in paragraph 290 purport to state a legal conclusion, no response is required.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 291 of the amended complaint.

## FIRST AFFIRMATIVE DEFENSE

78. As against JPMCB, the amended complaint fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

79. JPMCB has never established or held, and does not hold today, accounts containing the Remaining Assets, as defined in the amended complaint. Plaintiffs accordingly

cannot execute on those assets, as against JPMCB, to enforce their judgment against Iran. JPMCB has as a result been improperly named as a garnishee defendant in this action and should be dismissed from the action.

### THIRD AFFIRMATIVE DEFENSE

80.   To the extent any of the bond payments comprising the Remaining Assets were received in or paid out of Clearstream's operating account at JPMCB, JPMCB neither knew nor had reason to know whether the payments were for the benefit of Markazi.

### FOURTH AFFIRMATIVE DEFENSE

81.   None of the regulations and executive orders on which plaintiffs rely in an effort to enforce their judgment against Iran, or that any one or more defendants are otherwise alleged to have violated, provide private rights of action enabling plaintiffs to assert valid turnover claims as against JPMCB or any other defendant.

### FIFTH AFFIRMATIVE DEFENSE

82.   To the extent the Remaining Assets are located in accounts, at Clearstream or elsewhere, held outside the United States, those assets are not subject to execution under the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337.

### SIXTH AFFIRMATIVE DEFENSE

83.   Under §§ 1609 and 1610 of the Foreign Sovereign Immunities Act, plaintiffs may seek to enforce their judgment against Iran only as against property located in the United States.

### SEVENTH AFFIRMATIVE DEFENSE

84.   No act or omission on the part of JPMCB was the proximate cause of any injury allegedly incurred by plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

85. To serve a valid writ of execution on JPMCB or any other defendant, plaintiffs must meet their burden of proof that they have complied in all respects with the requirements of FSIA § 1610(c), including the requirements that a court approve in advance any such writ served in an effort to satisfy a judgment against a foreign state, and authorize plaintiffs to execute on the assets that are the subject of their writ. E.g., Levin v. Bank of New York, No. 09 CV 5900 (RPP), 2011 WL 812032, at *7-11 (S.D.N.Y. Mar. 4, 2011); Trans Commodities, Inc. v. Kazakhstan Trading House, S.A., No. 96 CIV. 9782 (BSJ), 1997 WL 811474, at *3 (S.D.N.Y. May 28, 1997).

WHEREFORE JPMCB requests the entry of a judgment as follows:

a. Dismissing the amended complaint as against JPMCB;

b. Determining that JPMCB neither holds nor has ever held accounts established to contain the Remaining Assets;

c. Determining that JPMCB neither knew nor ever had reason to know that bond payments comprising the Remaining Assets entered or were paid out of the Clearstream operating account maintained at JPMCB;

d. Determining whether plaintiffs have met their burden of proof with respect to the requirements and conditions set forth in TRIA § 201 for execution against the Remaining Assets;

e. Determining the extent to which, if at all, the Remaining Assets are subject to execution to satisfy plaintiffs' judgment against Iran, and the extent to which plaintiffs or any other judgment creditor of Iran are entitled to the turnover of such assets;

f. Discharging and releasing JPMCB from any and all liability to plaintiffs and all other claimants and interested persons with respect to the Remaining Assets;

      g.      Awarding JPMCB its costs and expenses, including reasonable attorneys' fees; and

      h.      Awarding JPMCB such other and further relief as may be just and proper.

Dated:      New York, New York
                 July 11, 2014

                                            LEVI LUBARSKY & FEIGENBAUM LLP

                                            By: _____
                                                 Steven B. Feigenbaum
                                         1185 Avenue of the Americas, 17th Floor
                                         New York, New York 10036
                                         (212) 308-6100
                                         sfeigenbaum@llf-law.com
                                         Attorneys for Defendant JPMorgan Chase Bank, N.A.