**Davis Polk**

New York        Paris
Menlo Park      Madrid
Washington DC   Tokyo
São Paulo       Beijing
London          Hong Kong

**Karen E. Wagner**

Davis Polk & Wardwell LLP      212 450 4404 tel
450 Lexington Avenue            212 701 5404 fax
New York, NY 10017              karen.wagner@davispolk.com

October 23, 2014

Re:   *Peterson v. Islamic Republic of Iran*, Case No. 13 Civ. 9195 (KBF) [Rel. Case No. 10 Civ. 4518 (KBF)]

<u>Via ECF</u>

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007-1312

Dear Judge Forrest:

We represent Clearstream Banking, S.A. ("Clearstream"), a defendant in the above-referenced action. We write to bring to the Court's attention a decision issued today by the United States Court of Appeals for the Second Circuit in *Calderon-Cardona v. Bank of New York Mellon*, No. 12-75 (2d Cir. Oct. 23, 2014). The decision is relevant to Clearstream's pending motion to dismiss in this matter.

In that decision, the Second Circuit held:

> Because of the absence of any definition of the property rights identified in the statutory text, we hold that FSIA § 1610(g) does not preempt state law applicable to the execution of judgments in this case. Moreover, given this gap in the contours of the legislation, we cannot infer that Congress intended merely to leave a void. We therefore apply the general rule in this Circuit that when Congress has not created any new property rights, but 'merely attaches consequences, federally defined, to rights created under state law,' we must look to state law to define the 'rights the [judgment debtor] has in the property the [creditor] seeks to reach.' *Asia Pulp*, 609 F.3d at 117 (first alteration in original) (internal quotation marks omitted). In short, Congress provided that 'property' of a foreign state is subject to execution, and absent any indication that Congress intended a special definition of the term, 'property' interests are ordinarily those created and defined by state law.

*Calderon-Cardona*, No. 12-75, slip op. at 12-13 (2d Cir. Oct. 23, 2014).

This decision confirms once again that Bank Markazi never had any interest in assets held in Clearstream's account at JPMorgan, because the relevant state law provides that Clearstream alone has an ownership interest in funds credited to a bank account in its name. (*See* Clearstream Motion to Dismiss Br. at 14-15; Clearstream Motion to Dismiss Reply Br. at 3-4.) The *Calderon-Cardona* decision thus provides further support for dismissing Plaintiffs' complaint.


Respectfully,

Karen E. Wagner

cc:		All Counsel of Record (via ECF)