USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 8, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEBORAH D. PETERSON et al.,

                Plaintiffs,

         -v-                                   13-cv-9195 (KBF)

ISLAMIC REPUBLIC OF IRAN; BANK
MARKAZI a/k/a CENTRAL BANK OF         OPINION & ORDER
IRAN; BANCA UBAE SpA;
CLEARSTREAM BANKING, S.A.; and JP
MORGAN CHASE BANK, N.A.,

                Defendants.
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

      Before the Court is defendant Banca UBAE, S.p.A.'s ("UBAE") sealed motion for attorney's fees and expenses pursuant to the November 28, 2013 settlement agreement (the "Settlement Agreement" or the "Agreement") in Peterson v. Islamic Republic of Iran et al., 10-cv-4518 (KBF) ("Peterson I").  UBAE seeks $94,152.25 in attorney's fees and $1,394.34 in legal expenses.[1]  For the reasons set forth below, UBAE's motion is GRANTED IN PART and DENIED IN PART.  UBAE is entitled to $60,793.75 in attorney's fees, $1,076.25 in expenses, pre-judgment interest at the rate of 9% per annum, and post-judgment interest at the current federal rate.[2]

---

[1] While UBAE initially sought $4,391.81 in expenses, it reduced that amount to $1,394.34 in its reply on this motion.

[2] Although pre-judgment interest is calculated at the New York 9% rate, see N.Y. C.P.L.R. § 5004, post-judgment interest is calculated at the federal rate.  See 28 U.S.C. § 1961; FCS Advisors, Inc. v. Fair Fin. Co., 605 F.3d 144, 147 (2d Cir. 2010).

I.   BACKGROUND

The Settlement Agreement—which UBAE and plaintiffs[3] executed in Peterson I—expressly ███████████████████████████████████



██████████████████ 3/27/15 Declaration of Ugo Colella ("Collela Decl.") Ex. 2.)  The Settlement Agreement also included ████████████████

████████████████████

On April 25, 2014, plaintiffs filed an Amended Complaint in this action ("Peterson II"), asserting, inter alia, claims for fraudulent conveyance against UBAE.  (ECF No. 104.)  On June 27, 2014, UBAE requested that this Court enforce the Settlement Agreement and ████████████████████████ (Collela Decl. Ex. 4.)  On July 10, 2014, the Court issued an Order advising UBAE that its arguments should be raised in a substantive motion to dismiss and that, to the extent plaintiffs' claims are frivolous, UBAE may make appropriate fee-shifting applications.  (ECF No. 86.)

On July 22, 2014, UBAE moved for partial summary judgment, arguing, inter alia, that ████████████████████████████ were barred by the Settlement

---

[3] The Davis plaintiffs were not plaintiffs in Peterson I and are not signatories to the Settlement Agreement.  (4/24/15 Declaration of Liviu Vogel in Opposition to Banca UBAE S.p.A.'s Motion to Set Attorney's Fees and Costs ("Vogel Decl.") ¶ 4.)

Agreement.  UBAE's motion included an application for attorney's fees and costs. The next day, on July 23, 2014, the Court issued an Order advising plaintiffs that they should carefully consider whether their claims against UBAE are proper—and that, if the Court grants UBAE's motion for partial summary judgment, it shall award reasonable attorney's fees.  (ECF No. 101.)  On February 19, 2015, the Court granted UBAE's motion for partial summary judgment and dismissed ████████ ████████████ as barred by the Settlement Agreement.  (See ECF No. 166.) On March 6, 2015, plaintiffs appealed the Court's February 19, 2015 decision.  (ECF No. 172.)  On March 27, 2015, UBAE filed the instant motion for attorney's fees and expenses.  This motion became fully briefed on May 8, 2015.

II.   DISCUSSION

Before turning to the appropriate amount of attorney's fees and expenses, the Court addresses two preliminary issues raised by plaintiffs on this motion.  First, plaintiffs argue that the Court lacks subject-matter jurisdiction to award attorney's fees pursuant to the Settlement Agreement because the Court has already entered final judgment on UBAE's motion for partial summary judgment.  This argument is without merit.  The Second Circuit has held that "the amount of attorneys' fees, even when awarded under a contract, is a post-judgment matter collateral to a decision on the merits."  McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1315 (2d Cir. 1993).  Here, the Court's July 23, 2014 Order, together with the February 19, 2015 decision, established UBAE's fee entitlement, leaving only the collateral issue of the

<u>amount</u> of fees and expenses to be awarded.[4]  This issue is properly before the Court at this stage.

Next, plaintiffs argue that the Settlement Agreement only permits recovery of attorney's fees that [REDACTED]  This argument also fails.  The Settlement Agreement is clear that the [REDACTED]



[REDACTED] This provision does not prescribe the form [REDACTED] simply refers to any effort to give force and effect to the Agreement, not necessarily a separate lawsuit.[5]  UBAE clearly sought [REDACTED] of the Settlement Agreement when it, <u>inter alia</u>, moved to strike and then to dismiss plaintiffs' [REDACTED] as barred by the Agreement.  In any event, plaintiffs waived the argument [REDACTED] is required—an argument which

---

[4] Although plaintiffs have not raised this issue, the Court notes that UBAE's motion is proper notwithstanding the fact that UBAE has not filed a counterclaim for attorney's fees.  <u>See</u> Fed. R. Civ. P. 54(c) ("Every [final judgment other than a default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."); <u>Klarman v. Santini</u>, 503 F.2d 29, 36 (2d Cir. 1974) ("We agree with appellants that their failure to specifically request attorney's fees and expenses in the event of dismissal of the third-party complaint does not in itself prevent their recovery.").

[5] <u>Holiday Org. Inc. v. Builder MT Inc.</u>, 334 F. App'x 370 (2d Cir. 2009) (summary order)—cited by plaintiffs—is distinguishable because the agreement at issue in that case allowed for the recovery of attorney's fees "[i]n the event that <u>suit or action is instituted</u> to enforce any of [Holiday's] obligations under th[e] Agreement." <u>Id.</u> at 372 (emphasis added).  The attorney's fee provision here contains no such requirement.

goes to fee entitlement rather than amount—by failing to assert it in their opposition to UBAE's motion for partial summary judgment, which included an application for attorney's fees and costs.[6]  See Triodetic Inc. v. Statue of Liberty IV, LLC, 582 F. App'x 39, 40 (2d Cir. 2014) (summary order); see also Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000).

The Court next turns to the appropriate amount of fees and expenses.  UBAE seeks $94,152.25 in attorney's fees and $1,394.34 in expenses.  "Attorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours."  Bergerson v. N.Y. State Office of Mental Health, 652 F.3d 277, 289 (2d Cir. 2011) (citation omitted).  Plaintiffs do not dispute that UBAE's counsel (Thompson Hine LLP) charged reasonable hourly rates, but argue that certain hours are not recoverable under the Settlement Agreement.  In particular, plaintiffs object to the time spent on:

1. UBAE's June 27, 2014 letter-motion to strike the ███████████ ███ from the Amended Complaint (7.65 hours, $3,942.50);

2. UBAE's Rule 11 motion, which was never filed with the Court (55.6 hours, $20,259.00);

3. UBAE's preparation for oral argument on its motion for partial summary judgment (12.15 hours, $6,172.50);

---

[6] Indeed, in opposing UBAE's motion for partial summary judgment, plaintiffs sought to recover their own fees and costs if successful on the motion.  (See 5/8/15 Supplemental Declaration of Ugo Collela ("Collela Supp. Decl.") Ex. 11 (Pls.' Rule 56.1 Opp.) ¶ 23.)

4. This motion and UBAE's prior fee application (24.2 hours, $11,624.50[7]); and

5. Work that (in plaintiffs' view) was unrelated to judicial enforcement of the Settlement Agreement or was not described with sufficient specificity (13.2 hours, $6,233.25).

Plaintiffs also argue that further "fat trimming" may be appropriate, and that UBAE is entitled to only $1,076.25 (not $1,394.34) in legal expenses because certain time spent researching the Rule 11 motion must be deducted.

The Court agrees with plaintiffs that UBAE cannot recover for work on an abandoned Rule 11 motion. Fees and expenses incurred in connection with a motion that was never filed with the Court do not reasonably ▮▮▮▮▮ ▮▮UBAE's efforts to enforce the Settlement Agreement. ▮▮▮▮▮

▮▮▮While UBAE asserts that "much of" the work on the Rule 11 motion was later used in connection with such enforcement efforts, UBAE does not quantify "much of" or specify any particular time entries in that regard.

The Court also agrees with plaintiffs that UBAE cannot recover fees incurred in connection with this motion and its prior fee application ("fees on fees"). Under New York law[8], a contractual attorney's fee provision does not cover an application seeking the fees themselves in the absence of specific language to the contrary. See F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1266 (2d Cir. 1987)

---

[7] UBAE asserts that the correct amount is $8,584.50 and that plaintiffs have improperly included time from April and August 2014. The Court disagrees: the entries that plaintiffs included for April and August 2014 do reference attorney's fees under the Settlement Agreement. (See Vogel Decl. Ex. M at 7, 29-30.)

[8] The Settlement Agreement provides that it "shall be construed in accordance with the laws of New York." (Settlement Agreement ¶ 27.)

("[A] general contract provision for the shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees themselves."); see also McGuire v. Wilson, No. 87 CIV. 6161 (RWS), 1994 WL 68222, at *4 (S.D.N.Y. Feb. 28, 1994). Here, ▮▮▮▮▮▮▮▮▮▮ the Settlement Agreement does not specifically provide for recovery of fees on fees.[9]

The remaining categories of attorney's fees that UBAE seeks are recoverable under the Settlement Agreement. UBAE's June 27, 2014 letter-motion to strike ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ though not successful, was ▮▮▮▮▮▮ UBAE's enforcement of the Settlement Agreement. This letter-motion was submitted in response to a court order and enabled the Court to get a better understanding of the parties' respective positions as to the fraudulent conveyance claims. UBAE is also entitled to recover for time reasonably spent preparing for oral argument on the motion for partial summary judgment. (However, UBAE cannot recover for the 2.95 hours ($1475) spent preparing for oral argument after the Court informed the parties on September 17, 2014 that it would not hear argument on the motion for partial summary judgment.)[10] Finally, although

---

[9] The Court is not persuaded by the two cases cited in UBAE's reply brief: LaSalle Bank, N.A. v. Capco Am. Securitization Corp., No. 02 CV. 9916 (RLC), 2006 WL 1227539 (S.D.N.Y. May 5, 2006) and Sidley Holding Corp. v. Ruderman, No. 08CIV.2513(WHP)(MHD), 2009 WL 6047187 (S.D.N.Y. Dec. 30, 2009). LaSalle does not cite or address F.H. Krear (citing instead a case addressing a statutory fee provision), and Sidley relies solely on LaSalle. In the Court's view, there is no material difference between the fee-shifting provision F.H. Krear—"In the event of any litigation between the parties, the prevailing party shall have the right to reimbursement of reasonable attorney's fees in regards to such litigation from the other," 810 F.2d at 1255—and the fee-shifting provision here. Neither explicitly provides for the recovery of fees on fees.

[10] The Court credits UBAE's counsel's statement that prior to September 17, 2014, Mr. Zefutie did not participate in the preparation for argument on UBAE's Rule 12 motions and focused exclusively on the motion for partial summary judgment. (Collela Supp. Decl. ¶ 15; 5/8/15 Supplemental Declaration of John F. Zefutie, Jr. ("Zefutie Supp. Decl.") ¶ 5.)

7

plaintiffs challenge an additional 13.2 hours as unrelated to UBAE's efforts to enforce the Settlement Agreement, the Court finds that this time is recoverable. The tasks in the time entries highlighted in pink in the Vogel Declaration—such as reviewing the Amended Complaint, strategizing as to possible bases for dismissal, attending court conferences, and reviewing the Court's February 19, 2015 decision—relate to UBAE's enforcement efforts.[11] As to the entries highlighted in olive, the Court credits UBAE's counsel's statements that these entries (after appropriate reductions) are for time spent in connection with UBAE's enforcement efforts. (See Collela Supp. Decl. ¶ 18; Zefutie Supp. Decl. ¶ 5.) The Court also finds that additional "fat trimming" is not appropriate here.

III.   CONCLUSION

UBAE's motion for attorney's fees and expenses is GRANTED IN PART and DENIED IN PART. UBAE is entitled to $60,793.75 in attorney's fees, $1,076.25 in expenses, pre-judgment interest at the rate of 9% per annum, and post-judgment interest at the current federal rate. The Clerk of Court is directed to enter judgment on this award.

SO ORDERED.

Dated:    New York, New York
          June 3, 2015

                                                          _____
                                                          KATHERINE B. FORREST
                                                          United States District Judge

---

[11] The Court notes that UBAE has appropriately reduced most of these time entries.