Clearstream Banking
42 Avenue JF Kennedy
L-1855 Luxemburg

October 26th, 2009

Re: Clearstream Banking S.A. / Banca UBAE S. p.A

Dear Sirs,

UBAE has been recently informed by the U.S. Office of Foreign Assets Control ("OFAC") that OFAC is currently conducting an investigation into whether UBAE may have violated the Iranian Transaction Regulations, 31 C.F.R. pt.560 by exporting and/or causing the exportation of services from the United States to Iran or the Government of Iran, related to securities in sub-custody in the United States or in U.S. financial institutions outside the United States.

## OFAC'S INVESTIGATIONS

In relation to the above, we must refer to the communications exchanged between us since June 2008 regarding the freezing of UBAE's trading activity through Clearstream and your refusal to carry out the instructions of UBAE, in connection with transactions relating to assets deposited in UBAE's account 13061 with Clearstream on the basis of information allegedly received by you from OFAC.

In particular, in your communication of June 20, 2008 you informed UBAE of a restraining order served on Citibank on June 13, 2008 ordering the segregation of "specific securities" and prohibiting any transfer thereof. Among those securities, there were assets held by you on our behalf in our account n.13061, as you indicated in your communication of June 27, 2008. No other reason for the freeze was given to us in that communication.

Only on August 1st, 2008, after your communication of June 20, 2008 and following various requests from UBAE, we were made aware that OFAC had informed you that "transfers of assets sub-deposited at institutions that qualify as U.S. Persons can involve violations by Clearstream of the ITR 31 C.F.R. pt.560, if the beneficial owner of transferred assets is the Government of Iran or otherwise Iranian", because such transfers could constitute a prohibited exportation of services.

Therefore, we have been made aware of the legal basis of OFAC's investigation of Clearstream only on August 1st, 2008. However, your first communication to us (when our instructions to you were refused not only in relation to the securities seized within the Peterson case, but also in relation to all other securities held by us with Clearstream in accounts n 13061 and n. 14826) was made in June 2008.

It is worth mentioning that in your swift message of June 27, 2008 (2008JUN27 08:35:33) you stated that:

"At a hearing to be held before US District Court for the Southern District of New York to be held this Friday at 10 am in the procedure relating to the restraining notice served to Citibank (...), Clearstream Banking SA has been ordered by US Judge Koeltl to testify in order to disclose the identity of account holders impacted by the restraining notice in order to determine which funds should be released. Clearstream position is that we have no written evidence that there is an Iranian beneficial ownership on the above mentioned assets in relation to your account 13061."

In your message of 8 July 2008 (2008JUL08 17:44:09), you also mention that:

"for each instruction of transaction relating to assets deposited on your account nr 13061 for which a US financial institution (including any foreign branch or subsidiary of such institution) is involved, you are kindly requested to provide us with information on the beneficial ownership of such assets (prior to and after the intended transaction). If such information is received by Clearstream, it will be communicated to our US Counsel for review within the context of complying with US Treasury Office for Foreign Assets Control (OFAC) regulations, and may indeed be communicated to OFAC for their own assessment. (...) Depending on the assessement of our US Counsel (and possibly OFAC), Clearstream will take a decision on whether to process the transaction or not and will immediately notify you of the results."

## ITR VIOLATIONS

The securities that are now under OFAC's scrutiny were originally received on February 22 and 28, 2008, into UBAE's customer account free of payment as they were transferred from account n. 80726, which was registered in your books in the name of the current beneficial owner of the assets. Those same securities were administered by Clearstream for the same beneficial owner in the period preceding above mentioned transfer of those assets to UBAE.

It is evident that Clearstream, as it was and it is obliged to under existing banking regulations, has always known the identity of the beneficial owner of the assets.

The violations envisaged by OFAC pertains to the transfers of assets sub-deposited at financial institutions that qualify as U.S. Persons. These transfers may constitute a violation of the ITR 31 C.F.R. pt.560, if the beneficial owner of transferred assets is the Government of Iran or otherwise in Iran.

We have reasons to believe that the above-mentioned investigation of UBAE by OFAC derives from Cleastream's management of the relevant assets, including Clearstream's decision to place the assets in custodial accounts at U.S. institutions. This placement appears to have been made by Clearstream <u>before</u> the transfer of the assets to UBAE. If, as a result of its investigation, OFAC finds UBAE to be in violation of the ITR, such a finding would be the direct result of Clearstream's actions. Clearstream, on the basis of its knowledge of the relevant facts, should not have custodized the assets with U.S. institutions or transferred the relevant assets to UBAE. In addition after such transfer was effected, Clearstream should have complied with the relevant OFAC regulations because failing to do so could cause substantial damages to UBAE, Clearstream's customer.

## THE US POSITION OF THE PARTIES

Banca UBAE is a Bank organized under the laws of Italy and it neither conducts business nor has any presence in the United States. Accordingly UBAE is not a "United States person" for purposes of the ITR. 31 C.F.R. § 560.314. Since it is not a United States' person, the prohibitions contained in 31 C.F.R §§ 560.204, .206, applicable to exports of services to Iran by such persons, should not apply to UBAE. Even if UBAE were subject to the prohibitions on exports of services to Iran, it did not provide any services to Iran that were exported from the United States.

The relevant securities were already custodized at U.S. institutions, at the time that they were transferred from the account n. 80726 at Clearstream to UBAE's customer account at Clearstream. Although UBAE does not know the details of the sub-custodial arrangements for the various securities, Clearstream has acknowledged that a number of securities were custodized in a Clearstream omnibus account with Citibank in New York. This is confirmed by the correspondence sent to UBAE by Clearstream.

Indeed, UBAE has never communicated with Citibank concerning these securities and it is unlikely that Citibank would entertain such a communication given that the securities are held in Clearstream's own Citibank account and UBAE has no authority over that account.

Clearstream had and has exclusive control over the choice of any sub-custodian and it was Clearstream's choice alone to place many of the securities in its own "omnibus" accounts at U.S. financial institutions.



Clearstream stated in the already referenced correspondence with UBAE that it has undertaken all reasonable and prudent measures to protect UBAE's assets while at the same time ensuring it's compliance with the ITR as administered by OFAC.

However, if transfers of the assets, including interest payments and the principal amount of the securities upon maturity, may lead to a violation of the ITR rules, it is evident that i) Clearstream has not undertaken all reasonable and prudent measures to protect UBAE's interests and ii) any such violation would be solely the responsibility of Clearstream.

As indicated above, Clearstream knew who the beneficial owner of the securities held by UBAE in account 13061 at Clearstream was and by maintaining those assets in custodial accounts in the United States where they are apparently subject to OFAC and other restrictions, Clearstream, failed to take the appropriate steps to protect UBAE, as required by its contractual obligations. As a result, UBAE is incurring a substantial prejudice.

In order to better understand Clearstream's actions, minimize our risks and defend UBAE's position, we ask you to provide us with any information and documents from which evidence may be inferred that no irregularity has taken place, as well as that UBAE is not responsible for any violation of the ITR. If OFAC finds, nevertheless, that UBAE is subject to any OFAC penalty, we expect that Clearstream will hold UBAE harmless.

At this stage we are compelled to reserve all rights and actions against Clearstream in connection with the above, including our right to claim compensation and other relief for any harm suffered by UBAE.

Banca UBAE S.p.A.