## Current Text of 28 U.S.C. § 8772

*Marked to show amendments effectuated by § 1226 of the National Defense Authorization Act for Fiscal Year 2020, Public Law 116-92, 113 Stat. 1198 (S.1790) (December 20, 2019)*

(a) Interests in blocked assets.

   (1) In general.  Subject to paragraph (2), notwithstanding any other provision of law, including any provision of law relating to sovereign immunity, and preempting any inconsistent provision of State law, a financial asset that is—

      (A) held ~~in the United States~~ by or for a foreign securities intermediary doing business in the United States;

      (B) a blocked asset (whether or not subsequently unblocked), <u>or an asset that would be blocked if the asset were located in the United States</u> that is property described in subsection (b); and

      (C) equal in value to a financial asset of Iran, including an asset of the central bank or monetary authority of the Government of Iran or any agency or instrumentality of that Government, that such foreign securities intermediary or a related intermediary holds abroad,

   shall be subject to execution or attachment in aid of execution, <u>or to an order directing that the asset be brought to the State in which the court is located and subsequently to execution or attachment in aid of execution,</u> in order to satisfy any judgment to the extent of any compensatory damages awarded against Iran for damages for personal injury or death caused by an act of torture, extrajudicial killing, aircraft sabotage, or hostage-taking, or the provision of material support or resources for such an act<u>, without regard to concerns relating to international comity</u>.

   (2) Court determination required.  In order to ensure that Iran is held accountable for paying the judgments described in paragraph (1) and in furtherance of the broader goals of this Act to sanction Iran, prior to an award turning over any asset pursuant to execution or attachment in aid

of execution with respect to any judgments against Iran described in paragraph (1), the court shall determine whether Iran holds equitable title to, or the beneficial interest in, the assets described in subsection (b) and that no other person possesses a constitutionally protected interest in the assets described in subsection (b) under the Fifth Amendment to the Constitution of the United States.  To the extent the court determines that a person other than Iran holds—

(A)  equitable title to, or a beneficial interest in, the assets described in subsection (b) (excluding a custodial interest of a foreign securities intermediary or a related intermediary that holds the assets abroad for the benefit of Iran); or

(B)  a constitutionally protected interest in the assets described in subsection (b),

such assets shall be available only for execution or attachment in aid of execution to the extent of Iran's equitable title or beneficial interest therein and to the extent such execution or attachment does not infringe upon such constitutionally protected interest.

(b)  Financial assets described.  The financial assets described in this section are the financial assets ~~that are identified~~ that are—

(1)  identified in and the subject of proceedings in the United States District Court for the Southern District of New York in Peterson et al. v. Islamic Republic of Iran et al., Case No. 10 Civ. 4518 (BSJ) (GWG), that were restrained by restraining notices and levies secured by the plaintiffs in those proceedings, as modified by court order dated June 27, 2008, and extended by court orders dated June 23, 2009, May 10, 2010, and June 11, 2010, so long as such assets remain restrained by court order~~.~~; and

(2)  identified in and the subject of proceedings in the United States District Court for the Southern District of New York in Peterson et al. v. Islamic Republic of Iran et al., Case No. 13 Civ. 9195 (LAP).

(c) Rules of construction. Nothing in this section shall be construed—

   (1) to affect the availability, or lack thereof, of a right to satisfy a judgment in any other action against a terrorist party in any proceedings other than proceedings referred to in subsection (b); or

   (2) to apply to assets other than the assets described in subsection (b), or to preempt State law, including the Uniform Commercial Code, except as expressly provided in subsection (a)(1).

(d) Definitions. In this section:

   (1) Blocked asset. The term "blocked asset"—

      (A) means any asset seized or frozen by the United States under section 5(b) of the Trading With the Enemy Act (50 U.S.C. App.5(b)) or under section 202 or 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701 and 1702); and

      (B) does not include property that—

         (i) is subject to a license issued by the United States Government for final payment, transfer, or disposition by or to a person subject to the jurisdiction of the United States in connection with a transaction for which the issuance of the license has been specifically required by a provision of law other than the International Emergency Economic Powers Act (50 U.S.C. 1701 et seq.) or the United Nations Participation Act of 1945 (22 U.S.C. 287 et seq.); or

         (ii) is property subject to the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations, or that enjoys equivalent privileges and immunities under the laws of the United States, and is being used exclusively for diplomatic or consular purposes.

   (2) Financial asset; securities intermediary. The terms "financial asset" and "securities intermediary" have the meanings given those terms in the Uniform Commercial Code, but the former includes cash.

(3) Iran.  The term "Iran" means the Government of Iran, including the central bank or monetary authority of that Government and any agency or instrumentality of that Government.

(4) Person.

    (A) In general.  The term "person" means an individual or entity.

    (B) Entity.  The term "entity" means a partnership, association, trust, joint venture, corporation, group, subgroup, or other organization.

(5) Terrorist party.  The term "terrorist party" has the meaning given that term in section 201(d) of the Terrorism Risk Insurance Act of 2002 (28 U.S.C. 1610 note).

(6) United States.  The term "United States" includes all territory and waters, continental, or insular, subject to the jurisdiction of the United States.