

**DEPARTMENT OF THE TREASURY**
**WASHINGTON, D.C. 20220**

LICENSE No. IA-2013-303215-1

## IRANIAN TRANSACTIONS AND SANCTIONS REGULATIONS

## LICENSE

(Granted under the authority of one or more of 22 U.S.C. §§ 2349aa-9, 8501-51, 8701-8785, 50 U.S.C. §§ 1601-51, 1701-06, Executive Orders 12957, 12959, 13059, 13599, and 13628, and 31 C.F.R. Parts 501 and 560.)

To:    Citigroup, N.A.                                    Stanley Sporkin, Esq.
       201 South Biscayne Blvd., Suite 600                1130 Connecticut Avenue, N.W., Suite 500
       Miami, FL 33131                                    Washington, D.C. 20036
       ATTN: Alba J Rovira-Paoli

       UBS Wealth Management (Americas) Inc.
       UBS Global Asset Management (Americas) Inc.,
       1285 Avenue of the Americas ₵!
       New York, NY 10019

**1.** Based upon the Order Entering Partial Final Judgment Pursuant to Fed. R. Civ. P 54(b), Directing Turnover of the Blocked Assets, Dismissal of Citibank with Prejudice and Discharging Citibank from Liability, issued on July 9, 2013, and the Order Approving Qualified Settlement Fund issued on July 9, 2013, by the United States District Court for the Southern District of New York in Case 1:10-cv-04518-KBF, as well as the Agreement for the Peterson § 468B Fund Pursuant to 26 U.S.C. § 468B (the "Application"), the transactions and activities delineated herein are hereby authorized.

**2.** This License is granted upon the statements and representations made in the Application or otherwise filed with or made to the Treasury Department as a supplement to the Application, or is based on information otherwise available to the Treasury Department, and is subject to the condition, among others, that the Licensee will comply in all respects with all regulations, rulings, orders, and instructions issued by the Secretary of the Treasury under the authority of Section 505 of the International Security and Development Cooperation Act of 1985, Section 103 of the Comprehensive Iran Sanctions, Accountability, and Divestment Act of 2010 (22 U.S.C. § 8512), Section 1245 of the National Defense Authorization Act for Fiscal Year 2012 (22 U.S.C. § 8513a), Section 218 of the Iran Threat Reduction and Syria Human Rights Act of 2012 (22 U.S.C. § 8725), the National Emergencies Act (50 U.S.C. §§ 1601-51), Section 203 of the International Emergency Economic Powers Act (50 U.S.C. § 1702), and the terms of this License.

**3.** The parties to the License shall furnish and make available for inspection any relevant information, records, or reports requested by the Secretary of the Treasury or any other duly authorized officer or agency.

**4.** This License **expires upon the completion of these transactions** and is not transferable. This License is subject to the authorities cited above, and any regulations and rulings issued pursuant thereto. It may be revoked or modified at any time at the discretion of the Secretary of the Treasury. If this License was issued as a result of willful misrepresentation on the part of the applicant, it may, at the discretion of the Secretary of the Treasury, be declared void from the date of its issuance or from any other date.

**5.** This License does not excuse compliance with any law or regulation (including reporting requirements) administered by the Office of Foreign Assets Control or another agency applicable to the transactions herein licensed, nor does it release the parties to the License or third parties from civil or criminal liability for violation of any law or regulation.

        Issued on behalf of the Secretary of the Treasury:

                            **OFFICE OF FOREIGN ASSETS CONTROL**

                            By_____     July 24, 2013
                                    **Andrea Gacki**                        _____
                                    **Assistant Director for Licensing**         Date

Attention is directed to, *inter alia*, 18 U.S.C. § 1001, 50 U.S.C. § 1705, and 31 C.F.R. § 560.701 for provisions relating to penalties.

**SECTION 1 - AUTHORIZATION:** **(a)** Subject to the conditions and limitations stated herein, Citibank, N.A. is hereby authorized to engage in all transactions necessary to transfer certain blocked assets of Clearstream Banking, S.A. held by Citibank (the "blocked assets") to an account opened in the name of the "Peterson Fund" at UBS Wealth Management (Americas), Inc. (the "Peterson Fund"), as described in the Application.

**(b)** Subject to the conditions and limitations stated herein, UBS Wealth Management (Americas) Inc. UBS Global Asset Management (Americas) Inc., Stanley Sporkin, Esq., and any other person appointed as the successor Fund Trustee pursuant to the Agreement for the Peterson § 468B Fund Pursuant to 26 U.S.C. § 468B are hereby authorized to engage in all transactions necessary to administer the Peterson Fund as described in the Application.

**(c)** Subject to the conditions and limitations stated herein, UBS Wealth Management (Americas) Inc. UBS Global Asset Management (Americas) Inc., and Stanley Sporkin, Esq. and any other person appointed as the successor Fund Trustee pursuant to the Agreement for the Peterson § 468B Fund Pursuant to 26 U.S.C. § 468B are hereby authorized to engage in all transactions necessary to transfer the blocked assets from the Peterson Fund to the Registry of the Court in the event that such transfer is required pursuant to paragraph 7 of Order Entering Partial Final Judgment Pursuant to Fed. R. Civ. P 54(b), Directing Turnover of the Blocked Assets, Dismissal of Citibank with Prejudice and Discharging Citibank from Liability, issued on July 9, 2013, as described in the Application.

**SECTION 2 - CONDITIONS:** **(a)** This License does not authorize the exportation or reexportation to Iran of any goods, technology or software, including any goods, technology or software controlled by the United States Department of Commerce under the Export Administration Regulations (15 C.F.R. Parts 730 *et seq.*), or by the United States Department of State under the International Traffic in Arms Regulations (22 C.F.R. Parts 120 *et seq.*), without separate authorization from the Office of Foreign Assets Control.

**(b)** Except for transactions that may be prohibited by section 4 of Executive Order 13628, this License does not authorize any transactions otherwise prohibited by Executive Orders 13622 or 13628.

**SECTION 3 - WARNINGS:** **(a)** Except as authorized in **SECTION 1** hereof, nothing in this License authorizes transactions prohibited by the Iranian Transactions and Sanctions Regulations (31 C.F.R. Part 560), by Executive Orders 12957, 12959, 13059, 13599, or 13628, or by any other laws or regulations administered by the Office of Foreign Assets Control.

**(b)** Except as authorized in **SECTION 1** hereof, this License does not authorize the receipt of payment from any blocked account, the unblocking of property, the transfer of any blocked property, the entry of any judgment or order that affects a transfer of blocked property, or the execution of any judgment against blocked property.

**(c)** The authorization set forth in this License applies only to laws and regulations administered by the Office of Foreign Assets Control, and should not be interpreted to excuse the parties to the License from compliance with other laws, regulations, orders or rulings to which it may be subject.

**(d)** This License does not authorize any transactions that are otherwise prohibited by the Weapons of Mass Destruction Proliferators Sanctions Regulations (31 C.F.R. Part 544) ("WMDPSR") or the Global Terrorism Sanctions Regulations (31 C.F.R. Part 594) ("GTSR"). Please note that the WMDPSR and GTSR may prohibit transactions ordinarily incident to the activities authorized in **SECTION 1** of this License. In particular, pursuant to the WMDPSR, U.S. persons are generally prohibited from engaging in any transactions directly or indirectly involving Ansar Bank, Bank of Industry and Mine, Bank Mellat, Bank Melli, Bank Refah, Bank Sepah, Bank Tejarat, Europaisch-Iranische Handelsbank, Export Development Bank of Iran, Future Bank B.S.C., Kargoshaee Bank, Mehr Bank, or Post Bank of Iran, and pursuant to the GTSR, U.S. persons are prohibited from engaging in any transactions directly or indirectly involving Bank Saderat.

**(e)** This License does not authorize any transactions that occurred prior to the date of its issuance.

**(f)** Any transfer of funds through the U.S. financial system pursuant to the authorizations set forth in **SECTION 1** hereof should reference the number of this License to avoid blocking or rejection of the transfer.

**SECTION 4 - RECORDKEEPING AND REPORTING REQUIREMENTS:** The parties to the License are subject to the recordkeeping and reporting requirements of, *inter alia*, 31 C.F.R. §§ 501.601 and 501.602, including the requirement to maintain records concerning the transactions undertaken pursuant to this License for a period of five years. Such records shall clearly demonstrate the applicability of the authorization set forth in **SECTION 1** hereof.

**SECTION 5 - PRECEDENTIAL EFFECT:**   The authorization contained in this License is limited to the transactions specified in the Application.
*****************************************************************************