UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| DEBORAH D. PETERSON, Personal Representative of the Estate of James C. Knipple (Dec.), *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, *et al.*, <br><br> Defendants. | Case No. 13 Civ. 9195 (LAP) <br><br> **DECLARATION OF LIVIU VOGEL IN SUPPORT OF APPLICATION FOR CLERK ENTRY OF DEFAULT AGAINST ISLAMIC REPUBLIC OF IRAN** |

Liviu Vogel, an attorney duly licensed to practice law before the Courts of the State of New York, and this Court, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of the firm of Salon Marrow Dyckman Newman & Broudy LLC. I have served as co-counsel for Plaintiffs since the inception of this action. I make this declaration in support of Plaintiffs' request for entry of default against defendant judgment debtor Islamic Republic of Iran pursuant to F.R.Civ.P. Rule 55(a) and Local Civil Rule 55.

2. Plaintiffs filed their Complaint for Turnover with this Court on December 30, 2013, followed by their Amended Complaint for Turnover filed with this Court on April 25, 2014.

3. Defendant, the Islamic Republic of Iran is not an infant, in the military, or an incompetent person.

4. On April 28, 2014, Plaintiffs attempted service on Iran pursuant to 28 U.S.C. § 1608(a)(3) by sending, through the Clerk of the Court and in a package prepared by the Clerk of the Court via international courier service DHL, a copy of the Summons, Complaint, Notice of

Suit, together with a Farsi translation of each.  The recipient, the Ministry of Foreign Affairs in Iran, refused delivery on May 10, 2014.  A true and accurate copy of Plaintiff's letter to the Clerk of Court dated April 28, 2014, requesting service on Iran via 28 U.S.C. § 1608(a)(3); the DHL shipping label used by the Clerk of Court to transmit the documents; tracking details from DHL's website confirming the Iranian Ministry of  Foreign Affairs' refusal to accept delivery; and Plaintiffs' letter to the Clerk of Court dated July 2, 2014 transmitting DHL's tracking report are annexed  hereto as Exhibit  A.

     5.     On or about September 29, 2014, Plaintiffs attempted service on Defendant Islamic Republic of Iran pursuant to 28 U.S.C. § 1608(a)(4) by delivering a copy of the Amended Summons, Amended Complaint, Notice of Suit, together with a Farsi translation of each (the "Service Documents"), by way of the Clerk of the Court to the United States Department of State for service on Iran through diplomatic channels. A true and accurate copy of the cover letter from the Clerk of Court to the U.S. Department of State requesting service of the Service Documents pursuant to 28 U.S.C. § 1608(a)(4) and the Clerk's certificate of mailing same is annexed hereto as Exhibit B. On July 6, 2011, the Embassy of the United States at Bern, Switzerland under Cons note number 24081 dated February 4, 2015, transmitted the Service Documents to the Swiss Ministry of Foreign Affairs for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran. On February 15, 2015, the Swiss Embassy in Tehran served the Iranian Ministry of Foreign Affairs with the Service Documents directed to Iran under diplomatic note number 1007-IE dated February 15, 2015. On February 15, 2015, the Iranian Ministry of Foreign Affairs refused the Service Documents.  A true and accurate copy of the correspondence, dated October 13, 2020, from the United States Department of State to Ruby J. Krajick, Clerk of this Court, enclosing a certified copy of the

297506.1

certification of service from the Foreign Interests Section of the Embassy of Switzerland in Tehran is annexed hereto as Exhibit C.

6. Pursuant to 28 U.S.C. § 1608(c)(l) in the case of service under subsection (a)(4) of 28 U.S.C. § 1608, service shall be deemed to have been effectuated as of the date of transmittal indicated in the certified copy of the diplomatic note. The Service Documents were properly served on Iran pursuant to 28 U.S.C. 1608(a)(4) on February 15, 2015.

7. Pursuant to 28 U.S.C. § 1608(d), Iran had sixty (60) days from February 15, 2015, specifically, until April 16, 2015, to answer and/or to file some other responsive pleading. Iran has failed to enter any appearance or to file any responsive pleading. No extension has been given to Iran and the time for filing a responsive pleading has expired. Accordingly, a Rule 55(a) default is timely and appropriate.

8. The Clerk of Court is requested to enter a Default against Defendant, the Islamic Republic of Iran. A proposed form of Certificate of Default is annexed hereto as Exhibit D.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1786 that the foregoing is true and correct.

Executed on October 26, 2020.

       /s/ Liviu Vogel