UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH D. PETERSON, et al.,<br><br>                    Plaintiffs,<br><br>-against-<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>                    Defendants. | 13-CV-09195 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of the parties' April 15, 2026 status report.  (Dkt. 414.)  This Order establishes a briefing schedule regarding the issues identified.

**A. The Government's Statement of Interest**

The Court is aware of reports that Iran has demanded that the United States release certain frozen assets, including the Assets identified in this litigation, as a precondition to reopen the Strait of Hormuz.  Although there is no public indication that the President intends to unfreeze the Assets, the Court wishes to ensure that any order regarding disposition of the Assets does not disrupt the Executive's negotiations with Iran and general conduct of foreign affairs.[1]  Accordingly, the Court invites the Government

---

[1] Through Section 8772, Congress made certain "blocked assets" (i.e., those frozen by sanctions) available for execution.  But Congress did not address the peculiar scenario where a President would unfreeze the Assets (and thus permit their return to Iran) after the Court had already made a finding that the Assets were subject to turnover and execution.  At this stage, the Court makes no finding one way or the other on how such a conflict would be resolved.

to file a statement of interest on this issue.  The Court welcomes the Government to address, among other issues, whether the Government supports or opposes the measures proposed by Plaintiffs, including transfer of the Assets to the United States and the creation of a qualified settlement fund to hold the Assets until all appeals are exhausted.

The Court asks that the Government file any statement of interest by April 30, 2026.  If the Government in fact has no objection to Plaintiffs' proposal, the Court respectfully asks that the Government inform the Court by letter as soon as practicable so that turnover proceedings may continue.

## B. The Implementing Orders

Assuming that the Government has no objection to proceeding with turnover, the Court intends to proceed expeditiously with remaining steps to effectuate turnover.

Plaintiffs have submitted two proposed orders (the "Implementing Orders") to transfer the Assets to the United States and hold the Assets in a Qualified Settlement Fund pending appeals. Clearstream has objected to Plaintiffs' proposed briefing schedule regarding the language of the Implementing Orders.  The equities favor an expedited briefing schedule.  As Plaintiffs' counsel has noted before, the victims of the 1983 attacks are of advanced age and greatly prejudiced by delays in collection.  On the flip side, the Court is confident that Clearstream's sophisticated counsel—a

multinational law firm armed with decades of experience in banking laws and cross-border compliance—is fully capable of analyzing and revising the proposed orders in the timeframe required.

Accordingly, Defendants' oppositions to the Implementing Orders shall be due April 23, 2026.  As part of their oppositions, Defendants shall confer with Plaintiffs and submit a redlined document proposing their changes to Plaintiffs' proposed Implementing Orders.  The Court asks that Defendants consolidate their oppositions where feasible.

Plaintiffs shall file any reply to Defendants' oppositions by April 30, 2026.  The Court will then determine if a conference or hearing is necessary.

### C. Defendants' Anticipated Motion to Stay The Implementing Orders

After the Court addresses the Implementing Orders, the Court understands that Defendants will seek a stay pending appeal.  For the same reasons, an expedited briefing schedule is appropriate. Unless the parties stipulate otherwise, any stay motions shall be filed within one week of the Court's issuance of the finalized Implementing Orders.  The parties shall confer and propose opposition and reply deadlines in their forthcoming status update.

To the extent their arguments overlap, the Court encourages Defendants to consolidate their briefing of the motion to stay.

3

Regardless of how the stay litigation proceeds, the Court further expects that all parties will promptly initiate any legal or regulatory processes that may be necessary to comply with a forthcoming order directing that the Assets be transferred to a Qualified Settlement Fund.  The Court appreciates that Clearstream is already "in the process of preparing an application for such authorization" from the European Union.  (Dkt. 414 at 6.)  The Court expects that all parties will follow Clearstream's lead in taking any additional steps that may be required to transfer the assets, including requesting any licenses from EU or US authorities necessary to transfer the funds or initiating any proceedings necessary to obtain recognition of the judgment in Luxembourg.

**CONCLUSION**

The Government shall file its statement of interest by April 30, 2026.  The remaining parties shall confer and submit a joint status update and proposed briefing schedule consistent with this Order by April 22, 2026.  In the status update, the Court welcomes any further proposals that will speed these proceedings and expedite Defendants' anticipated appeals.

**SO ORDERED.**

Dated:   New York, New York
         April 16, 2026

_____
LORETTA A. PRESKA
Senior United States District Judge

4